UNITED STATES DISTRICT COURT
WESERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALASKA PLUMBING AND PIPEFITTING INDUSTRY PENSION FUND; and Robert Hubbard as a Fiduciary of the ALASKA PLUMBING AND PIPEFITTING INDUSTRY PENSION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>POLAR REFRIGERATION AND RESTAURANT EQUIPMENT, INC.; and COMMERCIAL KITCHEN SOLUTIONS, LLC,<br><br>Defendants. | Case No. 2:20-cv-00173<br><br>COMPLAINT |

Plaintiff, Alaska Plumbing and Pipefitting Industry Pension Fund (the "Fund"), by their counsel, Barlow Coughran Morales & Josephson, P.S. and Tucker Arensberg, P.C., file the following Complaint:

1. The Fund brings this action under 29 U.S.C. §§ 1401(b)(1) and 1451(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA") for the collection of withdrawal liability in the amount of $564,332.20, plus additional statutory damages,

COMPLAINT – 1
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

including interest, the greater of a second award of interest or liquidated damages, attorneys' fees and costs.

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under 29 U.S.C. §§ 1132(e), 1132(f), 1401(b)(1) and 1451(c).

3. Venue lies in this District under 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Fund is administered in this District.

4. The Fund is an employee benefit pension plan within the meaning of 29 U.S.C. § 1002(3) that maintains its principal place of business at 7525 SE 24th Street, Mercer Island, Washington 98040.

5. The Fund is a multi-employer pension plan within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5).

6. The Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

7. Plaintiff Robert Hubbard is a fiduciary of the Fund within the meaning of 29 U.S.C. § 1002(21)(A).

8. Upon information and belief, Defendant Polar Refrigeration and Restaurant Equipment, Inc. ("Polar Refrigeration"), is a corporation which, at all relevant times, had its principal place of business at 557 E. Fireweed Lane, Suite D, Anchorage, Alaska 99503.

9. Upon information and belief, Defendant Commercial Kitchen Solutions, LLC ("Commercial Kitchen"), is a corporation which, at all relevant times, had its principal place of business at 557 E Fireweed Lane, Suite C, Anchorage, Alaska 99503.

COMPLAINT – 2
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

10. Upon information and belief, Defendant Commercial Kitchen acquired Defendant Polar Refrigeration in 2016.

11. Upon information and belief, beginning in December of 2019, Defendants moved their place of business to 5430 B Street, Anchorage, Alaska 99518.

12. At all relevant times, the Fund was a third-party beneficiary to collective bargaining agreements entered into between Defendant Polar Refrigeration and United Association Plumbers and Steamfitters ("UA") Local Union 375 and UA Local Union 367 (the "Agreements").

13. Under the Agreements, Defendant Polar Refrigeration was obligated to report and submit contributions to the Fund for each hour of covered work performed by its employees.

14. In 2018, Defendant Polar Refrigeration permanently ceased contributing to the Fund and therefore completely withdrew from the Fund, within the meaning of 29 U.S.C. § 1383(a).

15. The Fund determined that Defendant Polar Refrigeration became liable for withdrawal liability in the amount of $564,332.20 as a result of its complete withdrawal from the Fund.

16. In accordance with 29 U.S.C. §§ 1382 and 1399, the Fund sent Defendant Polar Refrigeration a Withdrawal Liability Notice & Demand dated February 21, 2019 (the "Demand Letter"), attached as **Exhibit A**, stating that:

    a. Defendant Polar Refrigeration triggered a complete withdrawal from the Fund, within the meaning of 29 U.S.C. § 1383, thereby incurring withdrawal liability in the amount of $564,332.20;

    b. Defendant Polar Refrigeration was liable for that withdrawal liability

COMPLAINT – 3
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

|   |   |   |
|---|---|---|
| 1 |   | pursuant to 29 U.S.C. § 1301(b)(1); |
| 2 | c. | Defendant Polar Refrigeration could discharge the withdrawal liability by making either (i) a lump sum payment to the Fund in the amount of $564,322.20; or (ii) 35 equal quarterly payments of $20,293.62 each, followed by a final monthly payment of $17,614.38; and |
| 5 | d. | If it selected to quarterly payments, Defendant Polar Refrigeration's first payment was due on May 1, 2019. |

17. The Demand Letter also constituted notice to Defendant Commercial Kitchen, even though it was not addressed to Defendant Commercial Kitchen, pursuant to MPPAA's "controlled group" rule under 29 USC § 1301(b)(1).

18. Under 29 U.S.C. § 1301(b)(1), all trades or businesses under common control with the contributing employer are treated as a single employer and thus are jointly and severally liable for the withdrawal liability of the contributing employer. It is well-established under the MPPAA that notice to one controlled group member is notice to all other members of the same controlled group.

19. Upon information and belief, Defendant Commercial Kitchen was a member of Defendant Polar Refrigeration's controlled group at the time of Defendant Polar Refrigeration's complete withdrawal from the Fund in 2018 because it acquired Defendant Polar Refrigeration in or around 2016 and the two Defendants were operating at the same location.

20. Despite their receipt of the Demand Letter, Defendants did not make their first quarterly payment to the Fund by May 1, 2019, as required by the Demand Letter and 29 U.S.C. § 1399(c)(2).

21. In accordance with 29 U.S.C. § 1399(c)(5), the Fund sent Defendants a Default Letter dated July 11, 2019 (the "Default Letter"), attached as **Exhibit B,** notifying them of

COMPLAINT – 4
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

their failure to make the first quarterly payment under the Demand Letter and warning that if such failure was not cured within 60 days (*i.e.*, on or before September 11, 2019), the Fund would file a federal lawsuit in which the Fund would accelerate and recover all of the outstanding withdrawal liability, plus all accrued interest, attorneys' fees, liquidated damages, and costs.

22. Defendants failed to cure the delinquency on or before September 11, 2019. In fact, Defendants still have not, to date, made any of the quarterly payments under the schedule in the Demand Letter.

23. Pursuant to 29 U.S.C. § 1401(a)(1), Defendants have waived their ability to contest the Fund's withdrawal liability assessment because they did not demand arbitration.

24. Under 29 U.S.C. § 1399(b)(2)(A), a contributing employer may, no later than 90 days after receiving notice of the pension fund's withdrawal liability assessment, request the fund to review any specific matter relating to the determination of the employer's liability and the schedule of payments. Under 29 U.S.C. § 1399(b)(2)(B), the pension fund must then conduct a reasonable review of all matters raised in the employer's request, although there is no specific deadline for doing so. An employer's deadline to demand arbitration under 29 U.S.C. § 1401(a)(1) is based on these events.

25. According to 29 U.S.C. § 1401(a)(1), the employer must demand arbitration after the earlier of (a) 60 days from the pension fund's response to the employer's request for review under 29 U.S.C. § 1399(b)(2)(B), or (b) 180 days after the employer's request for review under 29 U.S.C. § 1399(b)(2)(A). In turn, under 29 U.S.C. § 1399(b)(2)(A).

26. Defendants did not submit a request for review under 29 U.S.C. § 1399(b)(2)(A) within the 90 days of receiving the Fund's Demand Letter (*i.e.,* by May 10,

COMPLAINT – 5
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

2019).

27. Even if Defendants had submitted a timely request for review on the last possible day (and they did not), they would have been required under 29 U.S.C. § 1401(a)(1)(B) to demand arbitration no later than November 6, 2019 (*i.e.,* 180 days from May 10, 2019), which they did not do.

28. Because Defendants did not initiate arbitration against the Fund within the deadline specified under 29 U.S.C. § 1401(a)(1), the amount of withdrawal liability claimed in the Demand Letter is, according to 29 U.S.C. § 1401(b)(1), due and owing as a matter of law.

29. Because Defendants failed to cure their first missed quarterly payment within 60 days of receiving the Default Letter, they are, according to 29 U.S.C. § 1399(c)(5), immediately liable to the Fund for the entire amount of $564,332.20 in withdrawal liability, as opposed to being subject to the payment schedule in the Demand Letter.

30. Defendants are also liable to the Fund for the additional statutory damages under 29 U.S.C. § 1132(g)(2) − interest, the greater of a second award of interest or liquidated damages, attorneys' fees and costs − as a result of their failure to make their withdrawal liability payments in accordance with the payment schedule set forth in the Demand Letter.

31. Those damages are owed to the Fund because, under 29 U.S.C. § 1451(b), delinquent withdrawal liability payments are treated in the same manner as delinquent contributions under 29 U.S.C. §1145. In turn, the damages under 29 U.S.C. § 1132(g)(2) are mandatory when a pension fund prevails in an action to compel delinquent contributions under § 1145.

32. In accordance with the Pension Fund's Trust Agreement and Withdrawal

COMPLAINT – 6
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1  Liability Procedures, liquidated damages are calculated at 20% of the principal withdrawal

2  liability, interest is calculated at 12% per annum, and the Fund is entitled to all reasonable

3  attorneys' fees and reasonable costs incurred in the prosecution of this action.

4      WHEREFORE, Plaintiff Alaska Plumbing and Pipefitting Industry Pension Fund

5  demand judgment against Defendants for withdrawal liability in the amount of $564,332.20,

6  plus accrued interest, the greater amount of interest or liquidated damages, and reasonable

7  attorneys' fees and costs incurred by the Fund.

8      Dated: February 4, 2020.

9

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Local Counsel for Plaintiffs

-and-

Neil J. Gregorio, PA Id. #90895
Scott R. Leah, PA Id. #57564
Kathleen A. Nandan, PA Id. #317060
Brian A. Pepicelli, PA Id. #316605
Ian M. Grecco, PA Id. #324372
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
(412) 566-1212
ngregorio@tuckerlaw.com
sleah@tuckerlaw.com
knandan@tuckerlaw.com
bpepicelli@tuckerlaw.com
igrecco@tuckerlaw.com

Counsel for Plaintiffs

COMPLAINT – 7
2:20-cv-00173

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

EXHIBIT A

# Alaska Plumbing and Pipefitting Industry Pension Fund

Physical Address 7525 SE 24th Street, Suite 200, Mercer Island, WA 98040 • Mailing Address PO Box 34203, Seattle, WA 98124
Phone (800) 732-1121 or (206) 441-7574 • Fax (206) 505-9727 • Website www.akpipetrades.com

Administered by
Welfare & Pension Administration Service, Inc.

*Sent Via Certified Mail*

February 21, 2019

Polar Refrigeration
557 E Fireweed Lane, Suite D
Anchorage, AK  99503

**RE:    Alaska Plumbing and Pipefitting Industry Pension Fund –
Withdrawal Liability Assessment**

This letter informs you that the Alaska Plumbing and Pipefitting Industry Pension Fund ("Fund") has determined that Polar Refrigeration ("the Employer") completely withdrew from the Fund during the 2018 Plan Year.  This letter informs you of the withdrawal liability attributable to the Employer as a result of the withdrawal and provides you with a schedule for payments.  This letter constitutes the Fund's formal notice of withdrawal liability and demand for payment in accordance with the notification requirements of ERISA § 4219(b)(1)(A) (29 U.S.C. § 1399).

In accordance with ERISA and the Fund's withdrawal liability procedures, the Fund's actuaries have determined that the withdrawal liability attributable to the Employer is $564,332.20.  The calculation and data used for determining this withdrawal liability amount is included in the attached withdrawal liability assessment (Exhibit 1).

**Demand for Payment**

The Fund demands that the Employer pay its withdrawal liability assessment in accordance with the following schedule:

| Payment No. | Amount | Due Date |
|---|---|---|
| 1 | $20,293.62 | 5/1/2019 |
| 2 | $20,293.62 | 8/1/2019 |
| 3 | $20,293.62 | 11/1/2019 |
| 4 | $20,293.62 | 2/1/2020 |
| 5 | $20,293.62 | 5/1/2020 |
| 6 | $20,293.62 | 8/1/2020 |
| 7 | $20,293.62 | 11/1/2020 |
| 8 | $20,293.62 | 2/1/2021 |
| 9 | $20,293.62 | 5/1/2021 |
| 10 | $20,293.62 | 8/1/2021 |

Polar Refrigeration
February 21, 2019
Page 2

| Payment No. | Amount | Due Date |
|---|---|---|
| 11 | $20,293.62 | 11/1/2021 |
| 12 | $20,293.62 | 2/1/2022 |
| 13 | $20,293.62 | 5/1/2022 |
| 14 | $20,293.62 | 8/1/2022 |
| 15 | $20,293.62 | 11/1/2022 |
| 16 | $20,293.62 | 2/1/2023 |
| 17 | $20,293.62 | 5/1/2023 |
| 18 | $20,293.62 | 8/1/2023 |
| 19 | $20,293.62 | 11/1/2023 |
| 20 | $20,293.62 | 2/1/2024 |
| 21 | $20,293.62 | 5/1/2024 |
| 22 | $20,293.62 | 8/1/2024 |
| 23 | $20,293.62 | 11/1/2024 |
| 24 | $20,293.62 | 2/1/2025 |
| 25 | $20,293.62 | 5/1/2025 |
| 26 | $20,293.62 | 8/1/2025 |
| 27 | $20,293.62 | 11/1/2025 |
| 28 | $20,293.62 | 2/1/2026 |
| 29 | $20,293.62 | 5/1/2026 |
| 30 | $20,293.62 | 8/1/2026 |
| 31 | $20,293.62 | 11/1/2026 |
| 32 | $20,293.62 | 2/1/2027 |
| 33 | $20,293.62 | 5/1/2027 |
| 34 | $20,293.62 | 8/1/2027 |
| 35 | $20,293.62 | 11/1/2027 |
| 36 | $17,614.38 | 2/1/2028 |

The first payment of $20,293.62 is due on or before May 1, 2019. Payment should be mailed to:

Alaska Plumbing and Pipefitting Industry Pension Fund
PO Box 34203
Seattle, WA 98124-1203

Please be advised that pursuant to ERISA § 4219(b)(2) you may:

1. Ask the Fund's Board of Trustees to review any specific matter relating to the determination of the Employer's withdrawal liability and the schedule of payments;

2. Identify any inaccuracy in the determination of the amount of the Employer's prorated share of the UVBL; or

3. Provide the Board of Trustees with any additional relevant information regarding the Employer's withdrawal liability.

Polar Refrigeration
February 21, 2019
Page 3

Please note that any request for a review of the Employer's withdrawal liability determination or any other information regarding the withdrawal liability determination must be provided within 90 days of your receipt of this notice and demand. Any such request should be directed to the attention of the Fund's Board of Trustees and mailed or delivered to the Administrative Office at the address provided above. If such a request for review is not made within 90 days of your receipt of this notice and demand, any right to an arbitration under ERISA § 4221 shall be deemed waived.

**Regardless of any request to review or appeal of the withdrawal liability assessment or the payment schedule, payments must begin pursuant to the payment schedule. See ERISA § 4219(c)(2). Failure to make the scheduled payments shall be considered a default and may result in litigation and the payment of attorney fees and interest.**

Sincerely,

*Donna Whitford*

Donna Whitford
Administration Office

LP/DW:adg opeiu#8
S:\Withdrawal Liability\F24-04\F24-04 - 2019 - 02.20 - Polar Refrigeration - Withdrawal Liability Demand Letter.docx

Attachments

cc:   Trust Officers
      Trust Counsel
      Trust Actuary
      UA Local 367

Exhibit 1

## ALASKA PLUMBING AND PIPEFITTING INDUSTRY PENSION PLAN
## WITHDRAWAL LIABILITY FOR POLAR REFRIGERATION
### Withdrawal Liability for Withdrawal During 2018

| Year Ended December 31: | Unamortized Balance of Withdrawal Liability Pools — Basic Pools | Reallocated Pools | Total Plan Contributions* | Contributions During 5-Year Period Ended Prior to Date Pool Established — Employer Contributions | Liability Allocated (5) divided by (4), times the sum of (2) and (3) |
|---|---|---|---|---|---|
| (1) | (2) | (3) | (4) | (5) | (6) |
| 2008 | $ 32,285,232 | $ 0 | $ 28,615,828 | $ 34,531.85 | $ 38,959.86 |
| 2009 | (17,100,834) | 0 | 31,409,031 | 64,311.20 | (35,014.61) |
| 2010 | (5,018,433) | 0 | 34,443,320 | 90,617.30 | (13,203.05) |
| 2011 | 24,904,711 | 0 | 36,205,122 | 131,230.77 | 90,270.77 |
| 2012 | (4,940,239) | 0 | 40,392,788 | 174,376.50 | (21,327.11) |
| 2013 | (1,248,087) | 0 | 42,924,705 | 221,619.46 | (6,443.85) |
| 2014 | 18,164,132 | 0 | 46,426,588 | 257,137.70 | 100,603.63 |
| 2015 | 16,165,504 | 0 | 49,404,078 | 260,609.02 | 85,273.85 |
| 2016 | 20,990,191 | 188,159 | 53,321,234 | 286,261.08 | 113,698.37 |
| 2017 | 39,980,298 | 0 | 53,904,061 | 285,177.50 | 211,514.34 |

A. Gross Liability (Sum of Column 6), but not less than zero $ 564,332.20
B. De Minimis $ 50,000.00
C. Deductible: Lesser of (B) or [$150,000 – (A)], but not less than zero $ 0.00
D. Net Withdrawal Liability: (A) – (C), but not less than zero $ 564,332.20

*Excluding contributions of previously withdrawn employers*

Exhibit 1 (continued)

# ALASKA PLUMBING AND PIPEFITTING INDUSTRY PENSION PLAN

## WITHDRAWAL LIABILITY FOR POLAR REFRIGERATION

### Calculation of Amortization Schedule

| | | |
|---|---|---|
| A. | Highest consecutive 3-year average contributory hours during the 10-year period January 1, 2008 through December 31, 2017 | 6,442.42 |
| B. | Highest hourly contribution rate in the 10-year period January 1, 2009 through December 31, 2018 | $12.60 |
| C. | Annual amortization payment:  (A) x (B) | $81,174.49 |
| D. | Quarterly payment:  (D) / 4 | $20,293.62 |
| E. | Number of Full Quarterly Payments | 35 |
| F. | Final Quarterly Payment | $17,614.38 |

**Exhibit 2**

# ALASKA PLUMBING AND PIPEFITTING INDUSTRY PENSION PLAN

## WITHDRAWAL LIABILITY FOR POLAR REFRIGERATION

| Plan Year | Contributions | Hours |
|---|---|---|
| 2004 | $ 0.00 | 0.00 |
| 2005 | 5,955.38 | 2,292.75 |
| 2006 | 5,709.56 | 2,088.50 |
| 2007 | 9,326.14 | 2,850.25 |
| 2008 | 13,540.76 | 3,099.50 |
| 2009 | 29,779.35 | 4,067.00 |
| 2010 | 32,261.48 | 4,151.60 |
| 2011 | 46,323.04 | 6,014.00 |
| 2012 | 52,471.87 | 6,108.75 |
| 2013 | 60,783.72 | 6,369.25 |
| 2014 | 65,297.60 | 6,849.25 |
| 2015 | 35,732.80 | 3,652.00 |
| 2016 | 71,975.10 | 6,728.50 |
| 2017 | 51,388.29 | 4,302.00 |

EXHIBIT B



Neil J. Gregorio  412-594-3911
ngregorio@tuckerlaw.com

July 11, 2019

**VIA ELECTRONIC MAIL - fin.cksak@gmail.com; dave.cksak@gmail.com**
**VIA REGULAR MAIL AND UPS OVERNIGHT**

Dave Sheffrey
Polar Refrigeration
Commercial Kitchen Solutions
Commercial Kitchen Repair
557 E. Fireweed Lane
Suite C
Anchorage, AK  99503

Re:   Alaska Plumbing and Pipefitting Industry Pension Fund
      Withdrawal Liability - 60 Day Cure Notice
      Polar Refrigeration

Dear Mr. Sheffrey:

We represent the Alaska Plumbing and Pipefitting Industry Pension Fund (the "Pension Fund").

By letter dated February 21, 2019, the Pension Fund sent Polar Refrigeration a withdrawal liability Notice and Demand letter pursuant to ERISA § 4219(b)(1)(a), 29 U.S.C. § 1399(b)(1)(a).  Under ERISA, the Notice and Demand letter applied to not only Polar Refrigeration, but also to all members of its controlled group and its successors.  Therefore, all references to Polar Refrigeration in this letter also encompass members of the Polar Refrigeration controlled group and its successors.

The Notice and Demand letter informed Polar Refrigeration that the Pension Fund has determined that Polar Refrigeration triggered a complete withdrawal to the Pension Fund and that the amount of withdrawal liability attributable to Polar Refrigeration is $564,332.20.  The letter also set forth a payment schedule that included 35 monthly payments of $20,293.62 each, plus a final monthly payment of $17,614.38.  Payments were required to commence on or before May 1, 2019.

Because the Pension Fund did not receive a payment by May 1, 2019, Polar Refrigeration now has 60 days to cure.  Within that time period, Polar Refrigeration must make the first missed payment of $20,293.62 to the Pension Fund, plus liquidated damages of 10% and accrued interest of 12% per annum, as required by the Pension Fund's Trust Agreement.

Failure to cure will result in the Pension Fund initiating a federal lawsuit against Polar Refrigeration under ERISA § 4301, 29 U.S.C. § 1451.  In that lawsuit, the Pension Fund will accelerate and recover all of the outstanding withdrawal liability, plus accrued

Dave Sheffrey
July 11, 2019
Page 2

interest on the total outstanding liability from the due date of the first missed payment, pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).  The Pension Fund will also recover all of the mandatory add-ons under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), including additional interest, liquidated damages, attorneys' fees and costs.

Thank you for your attention to this matter.

Very truly yours,

*Neil J. Gregorio*

Neil J. Gregorio

NJG/rmb

c:   Alaska Plumbing and Pipefitting Industry Pension Fund
     Tom Sheffrey (via email at **tsheffrey.polar@gmail.com**)


TADMS:5169464-1 034224-187308